ALCONA COUNTY AGRICULTURAL SOCIETY *v.* COLWELL.

BOUNDARIES—ADVERSE POSSESSION—FENCES.

> In an injunction suit involving the boundary lines of complainant's real property, evidence examined, and *held,* to support a decree for complainant and against defendants' claim of adverse possession.

Appeal from Alcona; Connine, J. Submitted April 10, 1913. (Docket No. 24.) Decided March 28, 1914.

Bill for injunction by the Alcona County Agricultural Society against George W. Colwell and others. From a decree for complainant, defendants appeal. Affirmed.

*John H. Kilmaster,* for complainant.

*O. H. Smith,* for defendants.

MCALVAY, C. J. Complainant, a Michigan corporation, filed its bill against defendants, who occupy certain premises in the village of Harrisville, Alcona county, adjoining the property of complainant on the west, charging that defendants have wrongfully torn down the line fence erected by it between the lands of the parties, and after it had rebuilt said fence entirely upon its own land defendants threatened to tear it down again and destroy it. It prayed for an injunction to restrain them from so doing, and a decree for all damages occasioned by reason of defendants' unlawful conduct in destroying said fence, and for general relief. Defendants' joint answer to this bill of complaint admits the allegations of complainant's bill that it was duly incorporated and had the record title of the premises claimed, but claimed there was a mistake in the description of land in its deed, and it had never had possession of the portion in dispute in

this case. Defendants admit that they destroyed the fence in question and threatened after it had been rebuilt by complainant to tear it down again because it was built without authority upon their premises. They further alleged that they have been in the adverse possession of the strip in dispute for 26 years, and claimed by their answer the benefit of a cross-bill, asking that the title to this piece of land be decreed in defendant Mary G. Colwell. The case was heard upon proofs taken in open court, and resulted in a decree in favor of complainant.

The parties to this suit own and occupy adjacent portions of land situated on lot 2, section 12, in town 26 north, of range 9 east, in the county of Alcona. The record shows that complainant, on March 15, 1883, purchased by warranty deed this description of land from defendants George W. Colwell and wife and others, members of Colwell Bros. & Co., a copartnership, and has owned and occupied it continuously since that time. The description of these premises is as follows:

"Commencing 847 feet east of the southwest corner of lot 1 in section 12 town 26 north, of range 9 east; thence, south 9 degrees and 30 minutes west to Washington street, in the village of Harrisville, as surveyed and platted by H. G. Rothwell, C. E.; thence, south 80 degrees 30 minutes east 538 feet along the line of said street; thence, north 9 degrees and 30 minutes east to the line between lots 1 and 2 in section 12 in said township; thence west on said line 550 feet to the place of beginning, being a part of lot 2 of section 12 above mentioned."

The description under which defendants occupy the premises adjoining complainant on the west, which were later, by several deeds from defendant George W. Colwell and others, conveyed to defendant Mary G. Colwell, situated on lot 2, of said section 12, as given in the deed to her, dated October 4, 1901, reads as follows:

"All that part of lot 2 in section 12 in township twenty-six (26) north, range nine (9) east: Commencing at the southwest corner of land owned by the Alcona Agricultural Society; thence, north along the west line of the Alcona County Society's lands to the north line of said lot two (2) ; thence, west to the east line of the Detroit & Mackinac Co.'s right of way; thence, southerly along the east line of the Detroit & Mackinac Co.'s right of way to Washington street; thence, easterly along the north side of Washington street to place of beginning."

A voluminous record is returned containing a large amount of testimony of many witnesses, a reading of which satisfies us, as it did the learned trial judge, that much of it is contradictory and irreconcilable. Defendants do not ask to have the claimed error in the description of land conveyed to complainant by its deed corrected, but rely upon adverse possession, and dispute the correctness of complainant's surveys.

From the descriptions in the deeds as already given, conveying title to the parties to this suit, it will be noticed that the title conveyed to complainant by the members of Colwell Bros. & Co. antedates by more than 18 years the deed to defendant Mary G. Colwell, and both descriptions are by metes and bounds. By these deeds to these parties the west line of complainant's land coincides with the east line of land claimed by defendants, and the description in Mrs. Colwell's deed cannot be determined without first ascertaining and locating the west line of complainant's premises, as is apparent from the description, which reads:

"Commencing at the southwest corner of land owned by the Alcona Agricultural Society; thence, north along the west line of the Alcona County Society's lands to the north line of said lot 2; thence, west," etc.

It will be of no benefit for this court to analyze and

digest the testimony of the parties and many witnesses produced by them in this case. This has been done with care by the learned trial judge before whom the witnesses were produced and in whose presence they testified. He has carefully stated in an opinion which is in the record the contentions of these parties and his conclusions from the testimony given.

The contention of defendants throughout the case is that the complainant never took possession of this strip of land, but built its first fence 45 feet east of the point where it now contends defendants' northwest corner is located, and until the year 1909 maintained such fence running south from that point to the southwest corner of its land. Complainant insists that the first fence it built on the west side inclosing the premises deeded to it was constructed upon practically the same line where its present fence is located, and included the piece of land in controversy, which is wedge-shaped, being 45 feet wide at the north end and running to a point something more than halfway to the southwest corner. Defendant Colwell was a member of the firm of Colwell Bros. & Co., and, with his wife as a party thereto, executed and delivered the warranty deed given to it by the grantors.

In our opinion the controversy turns upon the question of fact as to whether the survey recently made by complainant can be accepted as correct, and whether the original fence constructed by it along the west line of the premises described in the warranty deed from the members of the firm of Colwell Bros. & Co. and their wives to it was upon the line coincident with the line of such survey. From our examination of the testimony in this record we are satisfied that the conclusion of the trial court favorable to the complainant upon both these propositions is supported by the weight of the evidence, and that complainant's survey coincides with the line upon

which the first fence was built, and the fence as now constructed by it along the west line of its premises is located entirely upon its own land.

The decree of the circuit court is affirmed, with costs of both courts in favor of complainant and against defendants.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.